## PETE BARRERA, SR. V. STATE

No. 29,670. March 19, 1958.

*T. M. Reid,* Abilene, and *W. E. Martin,* Houston, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Possession of liquor for the purpose of sale in a dry area is the offense, with punishment assessed at a fine of $1,500 and eighteen months in jail by reason of a prior conviction for a similar offense.

Appellant's guilt of the primary offense of possession of liquor for the purpose of sale was dependent upon the testimony of agents of the Texas Liquor Control Board that they found seven one-half pints of whisky secreted in a rocking chair in the "front-room" of appellant's residence. Appellant was in the kitchen of his home when the officers found the whisky.

Under the prima-facie-evidence rule of possession of more than a quart of liquor (Art. 666-23a, Vernon's P. C.), the jury was warranted in concluding that appellant possessed the whisky for the purpose of sale.

Outside of and other than the proof of possession, the state offered no testimony showing or suggesting that the whisky was—in fact—possessed for the purpose of sale.

While it is true that there was proof of appellant's prior conviction as alleged, such fact was expressly limited by the trial court to that purpose and the jury was told that they could not consider such testimony upon the question of the guilt of the appellant.

In the light of the fact presented, state's counsel said in opening argument to the jury:

" 'The bootlegging law is just like any other crime. If you want to consider this cause in your deliberations and find this Defendant innocent, then all you are doing is giving the people in this county a license to go into the bootlegging business and to make a very remunerative livelihood living outside the law when most people have to make their living in accordance with the rules of our society. I can't see any difference in making your living bootlegging, outside the law, or the limits of the law, than walking down to a man's store and helping myself to his cash register; it is still a crime, but when it all comes out, it is the same difference, you are gaining your livelihood through an unlawful practice. And that is about what we have here . . . . ' "

Appellant interpreted that argument as a reference to and a denunciation of him as a bootlegger and that such impression was thereby left with the jury. To combat that impression and in answer to the argument of state's counsel, counsel for the appellant sought, in reply, to argue to the jury "that if the Defendant was a bootlegger, and if the State had anybody who had bought liquor from the defendant within times not too remote that such persons could have been brought in to testify to such purchases of whisky from the defendant and that such testimony would have been admissible under the law . . . ."

The objection of state's counsel to such argument was sustained and appellant's counsel was precluded from making the argument.

When state's counsel concluded his argument with the statement: "And that is about what we have here .. .," he charged— if not directly, then by necessary implication—that appellant was a bootlegger and was living outside the law and making his living by bootlegging.

We are not dealing, here, with the question of whether such

argument was error or was or was not proper but, rather, the question before us is this: Was the appellant entitled to have his counsel answer that argument and implication by calling upon the state to make some proof of that fact?

In the light of the finding of less than a half-gallon of whisky and the proof showing that both the appellant and his wife drank whisky as a beverage for their own use—all of which was undenied—we are constrained to agree that appellant's counsel should have been permitted to make the argument requested.

The state having first gone into the matter, appellant ought to have been accorded the right to reply thereto.

The judgment of the trial court is reversed and the cause is remanded.